Truman A. Post et al., Appellants, *v.* John S. Caven-
der et al., Respondents.

March 28, 1882.

1. A bill to charge a fund, the income of which was to be paid to certain
beneficiaries during life, and, after their death without heirs, to vest in the
heirs of the testator, which alleges that through the plaintiffs' services,
as attorneys, the estate was preserved from waste, that the annuity is
insufficient to pay their fee, and that the annuitants consent to a pay-
ment thereof out of the principal of the fund, contains no equity.

2. Annuitants cannot create a charge upon the trust-fund so as to impair the
principal thereof.

Appeal from the St. Louis Circuit Court, Boyle, J.
*Affirmed.*

T. A. & H. M. Post and George A. Madill, for the
appellants : It will not be disputed that, as a general propo-
sition, the trustee may charge the estate for all expenditures
necessary for its preservation. — *Atchison* v. *Robertson*, 4
Rich. Eq. 45 ; 2 Perry on Tr., sect. 910 ; Hill on Tr.,
sect. 590 ; 2 White & Tudor Ld. Cas., pt. 1, pp. 551, 582 ;
*Montgomery* v. *Eveleigh*, 1 McCord Ch. 269 ; *Shirley* v.
*Shattuck*, 28 Miss. 27 ; Lewis on Tr., 22 Law Lib., sect.
453. And the attorney may himself charge the estate where
the trustee is insolvent. — *Fearn* v. *Mayers*, 53 Miss.
466 ; *Clopton* v. *Gholson*, 53 Miss. 472, 473 ; *Coopwood*
v. *Wallace*, 12 Ala. 795 ; *Norton* v. *Phelps*, 54 Miss.
471 ; *Beatty* v. *Clark*, 20 Cal. 12. It cannot be said that
the fees ought to have been provided for beforehand by an
order of the probate court. Until the facts were determined
by the suit, how could that court determine what fees plain-
tiffs were entitled to, or that they were entitled to any ? If
they could have been allowed then, on the plaintiffs' asking,
they certainly can be now that they are earned and ascer-
tained. — *Price* v. *Hine*, 26 Beav. 634 ; 11 White & Tudor
Ld. Cas., pt. 2, top p. 1779, 1780 ; *Lee* v. *Brown*, 5 Ves.

Jr. — ; Lewis on Tr. 334, sect. 656. The court is cited to a few cases which certainly go far toward sustaining the theory upon which plaintiffs have brought suit. — *Ex parte Plitt*, 2 Wall. C. Ct. 453 ; *Darby* v. *Cabanne*, 1 Mo. App. 126 ; *Barnesley* v. *Powell*, 1 Amb. 102 ; *Montgomery* v. *Eveleigh*, 2 McCord Ch. 269 ; *Murray* v. *Barber*, 3 Myl. & K. 209 ; *Shirley* v. *Shattuck*, 28 Miss. 27 ; *In re Sadd*, 34 Beav. 650 ; 11 White & Tudor Ld. Cas. 551.

James S. Garland, for the respondent : " Where there is a limitation over to a stranger on the death of the infant, neither the trustee nor the court can expend any part of the capital fund for the maintenance or advancement of the ward." — *Lee* v. *Brown*, 4 Ves. 362 ; *Van Vechten* v. *Van Vechten*, 8 Paige, 104 ; *Deen* v. *Cozzens*, 7 Robt. 178. The whole outcome and result of appellants' labors, as appears by their petition, was to obtain a judgment against the executors, and an order of distribution, and to secure the trust-fund when distributed in the hands of this respondent as trustee. Such services could not create a lien on the trust-fund. — *Frizzell* v. *Haile*, 18 Mo. 18 ; *Lewis* v. *Kinealy*, 2 Mo. App. 33 ; *Haydel* v. *Hurck*, 5 Mo. App. 267.

Bakewell, J., delivered the opinion of the court.

The petition in substance states that John S. Cavender was executor of the will of John Cavender, deceased, who bequeathed one-half of his estate to defendant, John S. Cavender, " in trust for the use and benefit of defendant Robert S. Cavender, during his life, with remainder over to the heirs of his body ; and on his death, his wife, defendant Caroline M. Cavender, surviving him, one-half of the trust estate, to be held for her use and benefit during her life ; the other half to vest in fee simple in the heirs *per stirpes* of said Robert, and in the event of the death of said Robert and Caroline without heirs, said estate to vest in fee simple in the heirs of the estate of the testator John Cavender for-

ever." That the will directed that the estate be invested in real and personal securities, and that the income be paid over semi-annually to the parties entitled ; that sixteen years after the probate of this will, Robert S. Cavender, being unable to obtain a settlement and distribution of the estate by John S. Cavender, the executor, employed plaintiffs, who are attorneys at law, and by them made application to the probate court for an order of final settlement ; that in six months after that date, a final settlement and order of distribution was obtained, through the legal services of plaintiffs, and John S. Cavender was ordered to pay over to himself, as trustee on the trusts above mentioned, $17,169.49 ; that Cavender thereupon filed his receipt as trustee, and asked for a discharge as executor ; that he was insolvent, and his receipt worthless, and that his discharge as executor would have left Robert S. Cavender without a remedy ; that, by the legal services of plaintiffs, an order was obtained from the circuit court requiring John S. Cavender to give a good bond with good sureties for the performance of his duties as trustee, which bond John S. Cavender was consequently compelled to give, in accordance with the order ; that Robert Cavender, by the advice and professional services of plaintiffs, then successfully resisted an application for the discharge of John S. Cavender and his sureties as executor, until he filed a new receipt as trustee in the probate court ; that John S. Cavender was thus compelled to file a receipt and written admission, signed by himself and the sureties on his bond as trustee, setting forth that he had received as trustee, etc., from himself as executor, $17,169.49, cash, whereupon he was discharged as executor.

The petition then sets forth the nature, and onerous and responsible character of the services rendered in this behalf by plaintiffs, and that they were worth $3,000, of which defendant Robert has paid $50, leaving $2,950 due on account of these services ; that defendants Robert and Caro-

line are insolvent, and that defendant John refuses to pay plaintiffs anything on account of these services ; that these services were necessitated by the fact that John S. Cavender, whilst having the legal title to the estate, was wasting the same ; that this waste and the amount thereof could only be ascertained by the examination of accounts and protracted litigation, conducted by plaintiffs as attorneys ; that no new trustee could be appointed, and the estate was, to all purposes, without any legal representative, and that John S. Cavender, now trustee, refuses to charge the estate for these services ; that Robert S. and Caroline Cavender were married to each other in 1853, and are without issue or prospect of issue, and will acquiesce in a decree charging the estate with plaintiffs' claim ; that John S. Cavender and Robert S. Cavender are the sole surviving children and heirs of the testator, John Cavender, and that John S. Cavender is estopped from asserting any right against plaintiffs' claim by reason of his conduct in the premises ; that the income from the estate is small, contingent, and uncertain ; that, if the compensation of plaintiffs is restricted to the annuities, it may be cut off by the death of the annuitants ; that the annuitants have no other means of livelihood ; and that the payment of plaintiffs' fee out of the principal would be less hard on the annuitants than to pay it out of the income from year to year.

Plaintiffs pray an order upon the trustee to pay their claim out of the trust estate ; and, in default of any moneys in his hands, that he credit and approve the claim, and that the same be declared a lien upon the principal of the trust-fund and for costs, etc.

Defendant John S. Cavender demurred to this petition, as not setting up facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiffs stood upon their petition.

If, as is claimed, the executor was wasting the estate, and neglecting to make final settlement, the probate court, on a

proper showing, would have removed him and appointed an executor *de bonis non*, who could have recovered from the sureties of the executor the full amount payable to the trustee. For professional services rendered to the administrator *de bonis non*, a proper allowance might have been obtained in the probate court. But we cannot see how this trust-fund can be charged with services rendered prior to its creation.

That the annuitants consent to the charge (if it can be said that Mrs. Cavender can consent to this), seems to be unimportant. There is no presumption of law that they will have no children. A possibility of issue is always supposed to exist at law, no matter what may be the age of the donees. There is no such a thing as tenant in tail after possibility of issue extinct, whilst the coverture of the donees lasts. It is not John and Robert and Caroline Cavender who can consent to the proposed diminution of the trust-fund. If Robert and Caroline Cavender die without issue, John S. Cavender may die before them, and his contingent interest may never be an interest in possession. Nor does it appear how his rights to this property as trustee can be affected by any misconduct of his whilst executor. If Robert and Caroline and John S. Cavender are advanced in years, and the first named couple are childless, it is obvious that the life estate may be of little value, and that it may very probably be, not John S. Cavender, but other heirs of the testator who will take in fee simple, and who are mainly interested in the conservation of the trust estate. Clearly, the tenant for life cannot create a charge upon the trust-fund so as to impair the body of the fund which the trustee is bound to preserve for those in remainder. Plaintiffs had no lien upon the fund for their attorneys' fee; they could not follow it into the hands of the trustee who was the distributee of the estate. If the case is so that the probate court could not, or did not, make an allowance to plaintiffs for a reasonable compensation for services in preserving the estate from

waste, they must look to their clients ; at any rate, they cannot, after the estate has been distributed, look to the principal of the fund for fees for services rendered whilst the estate was in process of administration. If, in consequence of the misfeasance of the administrator, there was danger of waste of the estate which was obviated by the professional services of plaintiffs, if, for this, they were entitled to be paid out of the assets, the assets were diminished to that extent by waste, and the claim against the estate should have been made before all recourse was lost upon the sureties of the executor. But, whether the plaintiffs might have obtained an allowance in the probate court or not, we know of no principle upon which a court of equity would be warranted in making an order for the payment of their services in protecting the estate from waste, out of the fund which the distributee of the estate holds upon the trusts set forth in the will of the executor in this case.

The judgment is affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.